UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DANIEL E. MORAN,**

        **Plaintiff,**

v.                                             CIVIL ACTION NO. 2:12-cv-212

**FEDERAL NATIONAL**
**MORTGAGE ASSOCIATION**
**d/b/a FANNIE MAE,**

        **Defendant.**

## OPINION AND ORDER

Daniel E. Moran ("Plaintiff" or "Moran") was a prospective buyer of a property owned by Federal National Mortgage Association ("Defendant" or "Fannie Mae"). While viewing Defendant's property, Plaintiff entered a darkened basement staircase which was missing several steps. Moran fell to the basement floor, injured himself, and this premises-liability action followed.

The case is now before the Court on Defendant's motion to dismiss all three claims alleged by Moran.[1] Considering the facts pled, and fair inferences from those facts, the Court finds that Moran was not contributorily negligent as a matter of law and thus DENIES the motion to dismiss Count I (Negligence) and Count II (Negligence Per Se). Count III (Nuisance) however, rests on conclusory statements, and is insufficient to state a claim for public nuisance. Accordingly, the Court GRANTS Defendant's motion to dismiss the nuisance claim.

---

[1] On June 1, 2012, the Court referred this matter to the undersigned Magistrate Judge pursuant to the parties' consent, 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73.

1

## I. FACTS

Defendant Fannie Mae is owner of the premises located at 3901 Gosnold Avenue ("the Property") Norfolk, Virginia. The Property was listed for sale to the public and Defendant engaged real estate agents to show the listing. In August 2009, Defendant completed an appraisal of the Property. The appraisal report noted the presence of a partial basement as well as several structural deficiencies. Deficiencies included "incomplete walls, missing interior doors . . . and missing floor covering." (Complaint, ¶ 10). The report further stated the "property was in the middle of some sort of renovation and currently in poor condition." Id. at ¶¶ 10-11. At the time of the inspection a portion of the stairs leading down to the basement was missing and the lights in that area were not working. Id. In order to control access to the Property, the Defendant placed a lock box at the back of the house to be used by prospective buyers to gain entry. Id. ¶ 9.

Plaintiff, an interested buyer, inspected the Property on September 14, 2009. While viewing the Property with a real estate agent, Moran found the staircase leading to the basement. Unknown to Moran, the staircase lacked all but the top three stairs. The power was out and the staircase darkened, so Moran used a small flashlight to illuminate the stairs. As Moran descended he fell approximately six feet to the basement floor and sustained injuries to his face, shoulder, wrist, and knee. Plaintiff seeks damages in the amount of $1,350,000.00 under several legal theories.

The Complaint asserts three claims against Defendant. Count I and II allege negligence and negligence per se respectively. Count III is a nuisance claim. Fannie Mae has moved to dismiss all three Counts. The Court will address each of Defendant's arguments in turn.

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading fails to meet this standard and is subject to dismissal under Rule 12(b)(6) when it does not "contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680-81. Legal conclusions and "threadbare recitals of the elements of a cause of action" do not state a claim. Iqbal, 556 U.S. at 678.

The Supreme Court has described the motion to dismiss analysis in two parts. First, the Court must accept the allegations of fact as true. Iqbal, 556 U.S. at 678. However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations, Iqbal, 556 U.S. at 678-79. After reviewing the allegations, the Court must consider whether they are sufficient to state a plausible claim for relief – "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### A. Moran was not contributorily negligent as a matter of law.

Defendant moved to dismiss Count I (Negligence) and Count II (Negligence Per Se) because "the undisputed facts show that Plaintiff was contributorily negligent." (ECF No. 7 at 4). Defendant supports its position with admissions Plaintiff made previously in a state court action which he later non-suited. Id. Specifically, Defendant contends that Moran's claims in his state court Complaint bear on the issue of contributory negligence and thus should be admitted against him here. Id. at 7. Plaintiff objects to any reference to the allegations in the non-suited state court case. (ECF No. 9 at 6). The Court finds it unnecessary to the resolution of this motion to determine whether evidence from the non-suited state court action is properly admitted in this case. Whether the Court relies on admissions derived from the non-suited state action, or only on the pleadings in this case, the result is the same. The Court cannot say as a matter of law that Moran was contributorily negligent.

"In Virginia, contributory negligence is a complete defense to [a negligence] claim." Taylor v. Kellogg Brown & Root Services, Inc., 658 F.3d 402, 405 n.6 (4th Cir. 2011). Establishing contributory negligence requires the defendant to show the plaintiff "failed to act as a reasonable person would have acted for his own safety under the circumstances." Estate of Moses ex rel. Moses v. Sw. Va. Transit Mgmt. Co., Inc., 643 S.E.2d 156, 159-60 (Va. 2007). In a premises liability case, a plaintiff is contributorily negligent when he disregards an "open and obvious danger." Rocky Mount Shopping Ctr. Assocs. v. Steagall, 369 S.E.2d 193, 194 (Va. 1988).

Defendant relies on two cases for the proposition that a darkened staircase was an open an obvious hazard. See Baker v. Butterworth, 89 S.E. 849 (Va. 1916) (holding hotel guest contributorily negligent for injuries sustained when she fell down a staircase at the end of an

unlighted hall); Smith v. Wiley-Hall Motors, Inc., 34 S.E.2d 233 (Va. 1945) (finding motorist at gas station who fell into a grease pit after entering a darkened room in search of toilet contributorily negligent).

This case is not sufficiently analogous to Baker or Smith to rule as a matter of law that Moran was contributorily negligent. Leaving aside the duty an owner has to warn an invitee of latent dangers, Kalopodes v. Federal Reserve Bank of Richmond, 367 F.2d 47, 50 (4th Cir. 1966), the facts asserted by the Defendant do not demonstrate that Moran showed a total disregard for his own safety. See Baker, 89 S.E. at 850 ("total disregard" for plaintiff's own duty to exercise ordinary care results in finding of contributory negligence). Examining only the allegations in the federal pleading, Moran simply describes entering the stairwell, affirmatively alleging that he exercised due care.

The Defendant argues that the federal Complaint was revised to omit allegations made in state court that the stairwell was "dark and unlit," suggesting that Moran, like both Baker and Smith, ignored an open and obvious defect. It urges the Court to consider the state court allegations and attached deposition testimony elicited during the state court litigation "simply to illustrate that Moran's use of 'dark and unlit' in the first action was not an error of counsel in drafting the Complaint." (ECF No. 12, pp. 5, 7-8). To the extent the attached deposition testimony helps illuminate the allegations in the Complaint, the testimony also supports Moran's affirmative claim that he exercised due care.

Unlike the injured plaintiffs in Baker and Smith, Moran used a small flashlight during his descent of the darkened staircase. (ECF No. 7-4). For some reason the flashlight was insufficient to prevent his fall, but Moran's use of a light source is sufficient to support his affirmative claim that he used due care for his own safety. As a result, the question of Plaintiff's contributory

negligence is for the jury. See Colonial Natural Gas Co. v. Sayers, 284 S.E.2d 599, 602 (Va. 1981) ("contributory negligence is generally a jury question."). Defendant's motion to dismiss Counts I and II is therefore DENIED.

### B. Count 3 fails to state a claim of nuisance.

Count 3 alleges a nuisance cause of action against Fannie Mae by "negligently allow[ing] to exist a condition which was dangerous to members of the public lawfully on the premises at 3901 Gosnold Avenue." (Complaint, ¶ 23). Plaintiff concludes that because he was a member of the public and injured as a result of a dangerous condition on the Property, a cognizable nuisance claim has been stated. The Court disagrees.

Nuisance and negligence are distinct legal theories. Chapman v. City of Virginia Beach, 475 S.E.2d 798, 802 (Va. 1996). While negligent acts may give rise to dangerous circumstances, the negligent acts do not constitute a nuisance. Id. at 802. Nuisances may be either "public" or "private." City of Virginia Beach v. Murphy, 389 S.E.2d 462, 463-64 (Va. 1990). Private nuisances derive from "an activity which unreasonably interferes with the use and enjoyment of another's property." Id. at 463 (quoting Newport News v. Hertzler, 221 S.E.2d 146, 150 (Va. 1976)). Put another way, a private nuisance implicates a right which is particular to an individual, such as an interest in land. Id. See also Restatement (Second) of Torts § 821(D) ("a private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land").

By contrast, a public nuisance occurs when "a public right or privilege common to every person in the community is interrupted or interfered with." Murphy, 389 S.E.2d at 463 (quoting People v. Rubenfeld, 172 N.E. 485, 486 (N.Y. 1930)). The distinction between public and private nuisance does not turn exclusively on the number of individuals affected. Id. That is, the test is

not the "number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights." Id. (quoting Couture v. Bd. of Educ. of Town of Plainfield, 505 A.2d 432, 435 (Conn. App. Ct. 1986). See also Restatement (Second) of Torts § 821(B) comment g (public right is common to all members of the general public . . . and not like the individual right everyone has not to be negligently injured).

In this case, the Complaint has offered no factual support to properly state a claim of private nuisance. Moran has not alleged that the staircase on Defendant's property in any way interferes with the use and enjoyment of his property. Instead, the Court agrees with Defendant that a staircase inside a locked private residence has no effect on another's use and enjoyment of their property. (ECF No. 7 at 12). Therefore, because Plaintiff has not alleged unreasonable interference with the use and enjoyment of his land or any right particular to him, Moran has failed to state a claim of private nuisance. Murphy, 389 S.E.2d at 463.

Likewise, Moran has failed to state a claim of public nuisance. Plaintiff simply argues that he was a member of the public and was injured as a result of a dangerous condition on Defendant's property. But the public does not enjoy a right or privilege to access the staircase within Defendant's Property. As a business invitee Moran gained access to the Property only upon invitation from Defendant. See Restatement (Second) of Torts § 332 comment a (invitees are limited to those persons who enter or remain on land upon invitation). Because the public was not generally invited to Defendant's private Property, no public right was implicated. In the absence of a public right, with which the staircase allegedly interfered, Moran cannot state a claim of public nuisance.

Plaintiff baldly concludes that whether adequate facts exist to justify his claim of public nuisance "is a question to be answered by the jury," but he has provided no authority to support

this argument, and binding precedent contradicts his claim. Iqbal, 556 U.S. at 678-79. Moran's conclusions are not supported by sufficient facts; therefore, Plaintiff has failed to establish a claim of public nuisance. Count III of the Complaint will be dismissed.

### III. CONCLUSION

While Moran has alleged insufficient facts to support a nuisance claim, the Court finds that Plaintiff was not contributorily negligent as a matter of law. For the foregoing reasons the undersigned DENIES the motion to dismiss Counts I and II, and GRANTS Defendant's motion to dismiss Count III.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 17, 2012